UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket No. 2:20-cr-00093-NT |
| | ) |
| MANESSEH MASSALINE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION
FOR CREDIT SPENT IN STATE CUSTODY**

On January 17, 2019, Defendant Manesseh Massaline was arrested for violating a state-imposed probationary sentence and was taken into state custody. United States' Resp. to Def.'s Mot. for Credit Spent in State Custody ("**Gov't's Opp'n**") 1 (ECF No. 80). In September 2019, while he was still in state custody, Mr. Massaline was charged in federal court with being a felon in possession of a firearm. Gov't's Opp'n 1–2. On June 10, 2021, Judge Hornby sentenced Mr. Massaline to 51 months imprisonment. Judgment (ECF No. 74). In his Statement of Reasons, Judge Hornby found that Mr. Massaline had been released on bail for his probation violation on May 14, 2021, and, from that day forward, he was in primary federal custody. Statement of Reasons 1 (ECF No. 75). The Defendant now seeks to modify his term of imprisonment to receive credit for his entire time spent in state custody for that probation violation (i.e., for his time in custody from January 17, 2019, until May 14,

2021).[1] Mot. Under U.S.S.G Section 5G1.3 and 3585(b) for Credit Spent in State Custody as a Result of Fed. Law Enforcement Actions 1–3 (ECF No. 79).

Except in very limited circumstances not applicable here, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). The only legal mechanisms that the Defendant identifies that might allow me to reduce his previously imposed term of imprisonment are § 5G1.3 of the Sentencing Guidelines and 18 U.S.C. § 3585(b). Section 5G1.3, however, deals with the *imposition* of a sentence, not the *modification* of one. *See* U.S. Sent'g Guidelines Manual § 5G1.3. And § 3585, while dealing with a post-sentencing modification, grants the authority to calculate sentencing credit to the Attorney General (through the Bureau of Prisons), not the judiciary. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Thus, neither provision allows me to modify Mr. Massaline's sentence.

The Government postulates that the Defendant is seeking to invoke Federal Rule of Criminal Procedure 36, Gov't's Opp'n 1, which allows a court to "correct a clerical error in a judgment," Fed. R. Crim. P. 36. But, as the Government points out, that rule only "applies to straightforward clerical and technical errors." *United States v. Ranney*, 298 F.3d 74, 81 (1st Cir. 2002). "[I]t is not meant to provide an opening for litigation over the merits . . . ." *Id.*

---

[1] The Defendant claims that he is entitled to 883 days of credit. Mot. Under U.S.S.G. Section 5G1.3 and 3585(b) for Credit Spent in State Custody as a Result of Federal Law Enforcement Actions (ECF No. 79). It is not clear where this number comes from. I calculate 848 days from January 17, 2019, to May 14, 2021. Counting 883 days from January 17, 2019, takes us to June 17, 2021, but the significance of that date is not clear to me. Because I lack the authority to consider the merits of the Defendant's motion, this discrepancy is immaterial.

The asserted error that the Defendant puts before me—assuming it is even error at all—is not a clerical error. It is clear from the Statement of Reasons that Judge Hornby was aware of the time that Mr. Massaline spent in state custody, that he made an intentional finding that Mr. Massaline was not primarily in federal custody until May 14, 2021, and that he determined that Mr. Massaline was not entitled to credit for time served in state custody before that date. The Defendant may think that this was a legal error, but it was not a clerical one. And even assuming it was a legal error, I do not have the authority to correct it pursuant to Rule 36 (or, for that matter, any other provision of law). *See United States v. Peters*, 324 F. Supp. 2d 136, 142 (D. Me. 2004) (finding it necessary to "review[ ] the record to determine whether a clerical error, oversight or omission, as opposed to an error of law, [was] contained in the sentencing judgment" in dispute over credit for time served).

Because I lack the authority to consider the Defendant's motion for the reasons stated above, his motion is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 17th day of May, 2022.